IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**                           **CASE NO. 5:15-CR-50034-TLB-1**

**MANUEL PATRICK CAMARILLO**                                                              **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is Defendant Manuel Patrick Camarillo's *pro se* Second Emergency Motion for Compassionate Release (Doc. 50). The Government has filed a Response (Doc. 52). Mr. Camarillo filed a Reply and an Amended Motion to Reduce Sentence for Compelling and Extraordinary Circumstances (Docs. 54 & 55). Having reviewed all of these filings, the Court finds that both of the pending Motions (Docs. 50 & 55) should be **DENIED** for the reasons explained below.

### I. BACKGROUND

On December 1, 2015, Mr. Camarillo was sentenced after pleading guilty to Counts Two, Three, and Four of the Indictment (Doc. 12). Counts Two and Three charged him with knowingly and intentionally distributing a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and Count Four charged him with knowingly carrying and using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Court sentenced him to a 52-month term of imprisonment on Counts Two and Three, to run concurrently, and to 60 months on Count 4, to run consecutively, for a total term of imprisonment of 112 months (Doc. 33). The Court also imposed a 3-year term of supervised release, a $3,600 fine, and a $300 special assessment. *Id.*

1

Mr. Camarillo is currently incarcerated at United States Penitentiary ("USP") Terra Haute with a projected release date of March 4, 2024. *See* Fed. Bureau of Prisons, Inmates, https://www.bop.gov/inmateloc/ (last accessed July 1, 2021). He has served approximately 73 months of his original sentence but now moves for compassionate release under 18 U.S.C. § 3582(c)(1) due to his hypothyroidism, hyperlipidemia, obesity, and complications arising from his prior COVID-19 infection. Mr. Camarillo's medical records show that he is 31 years old and that he does indeed have hypothyroidism, hyperlipidemia, and allergies. He has also complained to BOP medical staff that he suffers from intermittent chest pains and night sweats after contracting COVID-19. (Doc. 53-3, p. 32). He tested positive for COVID-19 in December 2020. *See id.* at p. 1.

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("U.S.S.G.") as a starting point in determining what constitutes

2

"extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). Application Note 1(A)(ii)(I) of USSG § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

## III. DISCUSSION

### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Camarillo's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). He presents proof that he requested compassionate release from his warden on May 16, 2020. (Doc. 50, pp. 17–22). The Government concedes that he has exhausted his administrative remedies. Therefore, since Mr. Camarillo petitioned his warden for early release in May 2020 and because more than 30 days have lapsed since then, the Court finds that he has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

## B. Extraordinary and Compelling Circumstances

Since Mr. Camarillo has already recovered from a COVID-19 infection, his argument for compassionate release relies upon his ongoing risk of reinfection with COVID-19 (or one of the new variants) and the alleged deterioration of his physical condition following his COVID-19 infection. Unfortunately, there is little evidence to support these contentions. As to his risk of reinfection, that risk is speculative. The Centers for Disease Control and Prevention ("CDC") website states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." Ctrs. for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed July 2, 2021). In short, there is little basis for the Court to conclude that Mr. Camarillo faces any risk of reinfection.[1] Other courts have agreed that the risk of COVID-19 reinfection does not, by itself, qualify as an extraordinary and compelling reason justifying compassionate release. *United States v. Molley*, 2020 WL 3498482, at *2–3 (W.D. Wash. June 29, 2020) ("That possibility [of reinfection] is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Molley from prison."); *but see United States v. Hanson*, 2020 WL 3605845, at *4 (D. Or. July 2, 2020) (noting that a prior infection of COVID-19 may not necessarily confer immunity). In the Court's view, at this time, the risk to Mr. Camarillo posed by a potential reinfection is too

---

[1] According to the BOP's COVID-19 tracking website, as of July 2, 2021, no one in USP Terra Haute has an active case of COVID-19. Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed July 2, 2021).

speculative to constitute an extraordinary and compelling reason for compassionate release.[2]

Furthermore, the Court concludes that Mr. Camarillo has failed to demonstrate that his medical conditions have deteriorated to the point that he is unable to provide self-care within his correctional facility. The Court is convinced that he suffers from hypothyroid and hyperlipidemia. Moreover, his medical records indicate that he has complained of intermittent chest pains and night sweats following his recovery from COVID-19. While these conditions are undoubtedly serious, his medical records also show that he is receiving ongoing treatment for all of these issues, and there is no indication that his conditions independently rise to the level of an extraordinary and compelling basis for a reduction of his sentence.

### C. Section 3553(a) Factors

Even if Mr. Camarillo were able to demonstrate extraordinary and compelling reasons for his release, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. Here, Mr. Camarillo was held responsible for a relatively small amount of actual methamphetamine, 15.6 grams, but his total sentence was driven by the fact that he used a firearm in furtherance of drug trafficking, a crime that carries a 60-month mandatory minimum. In fact, his PSR indicates that he not only used a firearm in furtherance of his

---

[2] The Court's decision on this score is based upon the present scientific uncertainty regarding the risks of reinfection. Should that uncertainty be resolved and the risk become more apparent, the Court may reevaluate whether that risk constitutes an extraordinary and compelling reason to release inmates from prison.

5

drug trafficking crime but that he was aware of the heightened penalties associated with such actions and bragged about his disregard for those penalties. (Doc. 29, p. 5). Additionally, while he was only 25 years old when sentenced, he had significant prior criminal convictions: his criminal history category was a III. In short, Mr. Camarillo's sentence was appropriate given the seriousness of his offense conduct and his criminal history.

At this point, it appears that Mr. Camarillo has now served approximately 65% (73 months) of his original 112-month sentence of imprisonment. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, allowing Mr. Camarillo to complete his prison sentence in 73 months would create a significant disparity with other defendants who have been held responsible for using firearms in furtherance of drug trafficking crimes. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that a sentence of 112 months is just and fair under the totality of the circumstances.

For these reasons, even assuming Mr. Camarillo has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release.[3]

---

[3] To the extent Mr. Camarillo asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where Mr. Camarillo serves his sentence. See 18 U.S.C. §§ 3624(c)(4), 3621(b).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Manuel Patrick Camarillo's Second Emergency Motion for Compassionate Release and Amended Motion to Reduce Sentence for Compelling and Extraordinary Circumstances (Docs. 50 & 55) are **DENIED.**

**IT IS SO ORDERED** on this 8TH day of July, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE